## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TAMPA BAY AMERICANS WITH
DISABILITIES ASSOCIATION, INC., a
not-for-profit Florida corporation; JOAN
FERNANDEZ and VIVIAN PETERS,**

     **Plaintiffs,**

**v.**                                       **Case No.  8:06-cv-154-T-30TGW**

**VIOLA M. FISCHER, as Trustee of the
Robert J. Fischer Trust,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Unopposed Motion for Approval of Attorney's Fees and Costs and For Entry of Stipulated Final Order and Incorporated Memorandum in Support (Dkt. #9).  The Court, having considered the motion, attachments thereto, and being otherwise advised in the premises, finds that Plaintiffs' motion should be granted in part and denied in part as stated herein.

The Court has reviewed the Settlement Agreement and Release (Dkt. #9-3) made by the parties and approves the same, except for Paragraph 6 relating to the amount of attorneys' fees, expert fees, litigation expenses and costs proposed to be paid by Defendant to Plaintiffs in the amount of $6,000.00.  The Court concludes that $6,000.00 for attorney's fees and expert's fees for the litigation of this matter is excessive, as explained in detail below.

**Attorney's Fees**

The billing records (Dkt. #9-4) attached to Plaintiffs' motion indicate that Plaintiffs' attorney worked 22 hours at a rate of $275.00 per hour for a total of $7,700.00 in attorney's fees. The Court concludes that the hourly rate of $275.00 per hour charged by Plaintiffs' attorney is unreasonably high for this type of litigation. Considering Plaintiffs' attorney's experience and qualifications and the customary market rate in the community for this type of litigation, the Court concludes that the hourly rate of $250.00 per hour is reasonable.

Further, the Court concludes that 22 hours of work is unreasonable and excessive for this type of litigation and in light of the lack of record activity. This type of litigation is repetitive and form intensive. No novel or complex motions were filed by either party in this case. Plaintiffs' attorney billed substantial amounts of time for: correspondence to third parties, secretarial type work such as cover letters and typographical revisions, and drafting and revising Plaintiffs' motion for approval of attorney's fees and costs. The Court concludes that Plaintiffs' submission for 22 hours should be reduced to 18.2 hours (a reduction of 3.8 hours).

Applying the reduction in hours, the Court concludes that a fee of $4,550.00 (18.2 hours at $250.00 per hour) is a reasonable and appropriate fee for Plaintiffs' counsel.

**Expert's Fees**

The Court concludes that the expert's fees sought in this matter should also be reduced. The invoice offered by Plaintiffs in support of expert's fees reflects: 5 hours for traveling, 1 hour for site inspection, and 1 hour for preparing a report. The Court concludes

that it is unreasonable for the Defendant to carry the burden of paying for 5 hours of traveling

expenses for an expert to travel from Broward County to Pinellas County, when Plaintiffs

could have hired an equally qualified expert located in the Tampa Bay/St. Petersburg area.

Accordingly, the Court concludes that a reasonable amount of time for the expert to inspect

the property, prepare a report and travel to the site would be 3 hours (a reduction of 4 hours).

Additionally, after reviewing the curriculum vitae offered in support, the Court concludes

that $200.00 per hour as a rate for this type of work is in excess of the customary market rate

in the Tampa Bay/St. Petersburg area that would be paid to an expert with similar

qualifications. The Court determines that $125.00 per hour for the expert's time is

reasonable and appropriate under the circumstances.

Applying the reduction in rate and hours, the Court concludes that an expert's fee of

$375.00 (3 hours at $125.00 per hour) is a reasonable and appropriate fee for Plaintiffs'

expert.

## Costs

The Court concludes that the amount of costs requested by Plaintiffs in the amount

of $250.00 for Plaintiffs' filing fee is reasonable.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiffs' Unopposed Motion for Approval of Attorney's Fees and Costs and

        For Entry of Stipulated Final Order and Incorporated Memorandum in Support

        (Dkt. #9) is GRANTED IN PART AND DENIED IN PART as stated herein.

2.       The Court approves payment by Defendant to Plaintiffs of fees and costs in the total amount of **$5,175.00** ($4,550.00 in attorney's fees, $375.00 in expert's fees, and $250.00 in costs).

3.       The Settlement Agreement and Release (Dkt. #9-3) is approved, except for the first sentence of Paragraph 6.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-154.atty fees.wpd